Per Curiam.

The evidence offered by the defendant was objected to, because as the plaintiff sues as indorsee of a note indorsed to him before it became due, it is improper to allow transactions between the defendant and other persons to affect the validity of the note or operate by way of set-off. It is said the evidence would vary and control the written contract, and prove it to have been made by two instead of three parties The defendant offered to show that the note was made in the form in which it appears, solely to obtain White’s name as security. The general rule, that parol evidence is not admissible to vary a written contract, is not denied, but it may be considered that there are some qualifications or exceptions to this rule. It is clear that the promisor of a note may show as against the promisee, that the note was illegal or without consideration. The plaintiff however contends, that being an indorsee, he is protected against such a defence. But it is competent to the maker of a note to show that it was indorsed when overdue, and so he will be let into the same defence. And in the case at bar, the defendant may show the nature of the transaction, and that there was no consideration for the in.dorsement. If there was a failure of consideration, it was between these parties ; and if there was a payment or set-off, it was between them. The plaintiff therefore cannot protect himself against the admission of the evidence, on the ground of his being indorsee, and the evidence shows clearly that the object of the indorsement was merely to obtain the name of White.[1]
The question then is, whether the defendant can avail himself of the facts which he proved. Was there a failure or want of consideration ? And- in determining this, we must consider *275 the fact as established by the verdict, that there was a mistake sufficient to balance the note. What was the consideration ? It appears there was a partnership between Grew the testator and the defendant, from 1818 to September 1821, when the testator died. The defendant continued to carry on the business until the partnership concerns were brought to a close. When the original note was given, it was not upon a settlement of the partnership accounts; they remained open, and to bring them to a close it was necessary to make a sale of the partnership stock. The defendant purchased it and gave for it three notes. It is not denied that the property was equal in value to the notes, and there is therefore no failure of consideration in regard to them. The note in suit, being given in renewal of one of the three, stands on the same ground as the original note.
Was this note paid ? After the goods were sold to the defendant, he settled the partnership accounts, and he continued to pay interest on this note until a very recent period. It appears that nothing was done, showing that the parties considered the note as paid. If it had been paid, it would have been given up, or the payment would have been indorsed upon it.
The only remaining inquiry is, whether the defendant has a claim for a set-off; and we think he has not. In the first place, it would be necessary that his account should have been filed in set-off;[1] and in the next place, his claim is against the plaintiff in his representative capacity ; and though the plaintiff describes himself as executor, yet it is more reasonable to consider that he sued in his individual capacity, and that styling himself executor is merely a descriptio persona. If there was any mistake in the valuation of the property, it took place in the lifetime of the testator, and the remedy was against the plaintiff in his representative capacity. The defendant’s demand against the testator is barred by the statute of limitations, which the executor could not waive ; and ifo the account had been filed in set-off, the same objection would lie against it.

Verdict set aside and defendant defaulted.

 See Landos v. Robertson, 3 Miller, 259

 See Peabody v. Peters, 5 Pick. (2d ed.) 4, note 1, and cases cited; Chander v. Drew, 6 N. Hamp. R. 469, Braynard v. Fisher, 6 Pick. 355; Shirley . Todd 9 Greenleaf, 83; Savage v. Davis, 7 Wendell, 223.